UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RAUL KOPALEISHVILI,<br><br>Plaintiff,<br><br>vs.<br><br>UZBEK LOGISTICS, INC., et al.<br><br>Defendants. | Case No. 1:17-CV-00702-TSB<br><br>Judge Timothy S. Black |

**MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF A CLASS ACTION SETTLEMENT AND FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD TO THE NAMED PLAINTIFF**

LaDonna M. Lusher, Esq., *Admitted pro hac vice*
Jack Newhouse, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004

Robert F. Croskery (0064802)
CROSKERY LAW OFFICES
3905 Eastern Avenue, Suite 200
Cincinnati, Ohio 45226

*Attorneys for Plaintiff Class*

i

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION .......................................................................................................................1

I. THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE. ...........................2

    1. The Risk of Fraud or Collusion ...........................................................................3

    2. The Complexity, Expense and Likely Duration of the Litigation ........................3

    3. The Amount of Discovery Engaged in by the Parties..........................................4

    4. The Likelihood of Success on the Merits ............................................................5

    5. The Opinions of Class Counsel............................................................................5

    6. The Reaction of Absent Class Members..............................................................5

    7. The Public Interest ...............................................................................................6

II. THE NOTICE OF SETTLEMENT MEETS DUE PROCESS AND RULE 23 REQUIREMENTS............................................................................................................6

III. REQUEST FOR APPROVAL OF CLASS COUNSELS' ATTORNEYS' FEES..............7

    1. The Value of the Benefits Rendered to the Class .................................................8

    2. Public Policy Considerations ................................................................................8

    3. The Services were Undertaken on a Contingent Fee Basis ..................................9

    4. The Lodestar Cross-Check .................................................................................10

    5. The Complexity of the Litigation .......................................................................10

    6. The Professional Skill and Standing of Counsel on Both Sides .........................11

IV. REIMBURSEMENT OF LITIGATION COSTS...........................................................11

V. THE PROPOSED CLASS REPRESENTATIVE AWARD IS REASONABLE ............12

VI. CONCLUSION...............................................................................................................13

TABLE OF AUTHORITIES

<u>CASES</u>                                                                                      <u>PAGE</u>

*Brotherton v Cleveland,*
141 F. Supp. 2d 907 (S.D. Ohio 2001) ............................................................... 7-8, 12

*Chrapliwy v. Uniroyal, Inc.,*
670 F.2d 760 (7th Cir. 1982) ...................................................................................9

*City of Detroit v. Grinnell,*
495 F.2d 448 (2d Cir. 1974).....................................................................................9

*Connectivity Sys. Inc. v. Nat'l City Bank*,
2011 U.S. Dist. LEXIS 7829 (S.D. Ohio 2011)......................................................7

*Cook v. Niedert,*
142 F.3d 1004 (7th Cir. 1998) ...............................................................................12

*Deposit Guarantee National Bank v. Roper,*
445 U.S. 326 (1980).................................................................................................8

*Dillow v. Home Care Network, Inc.*,
2018 U.S. Dist. LEXIS 170579 (S.D. Ohio 2018)..................................................5

*Dolgow v.Anderson,*
43 F.R.D. 472 (E.D.N.Y. 1968) ..............................................................................9

*Enter. Energy Corp. v. Columbia Gas Transmission Corp.,*
137 F.R.D. 240 (S.D. Ohio 1991).....................................................................11, 12

*Franks v. Kroger Co.*,
649 F.2d 1216 (6th Cir. 1981) .................................................................................6

*Godshall v. Franklin Mint Co.,*
2004 U.S. Dist. LEXIS 23976 (E.D. Pa. 2004) ....................................................13

*Hadix v. Johnson*,
322 F.3d 895 (6th Cir. 2003) .................................................................................12

*Hainey v. Parrott*,
617 F. Supp. 2d 668 (S.D. Ohio 2007) ....................................................................6

*In re Cardinal Health Inc. Sec. Litigs.*,
528 F. Supp. 2d 752 (S.D. Ohio 2007) ....................................................................7

*In re Cincinnati Gas & Elec. Co. Sec. Litig.*,
643 F. Supp. 148 (S.D. Ohio 1986) ...............................................................................................8

*In re Corrugated Container Anti-Trust Litig. II,*
659 F.2d 1322 (5th Cir. 1981) .......................................................................................................6

*In re Telectronics,*
137 F. Supp. 2d 1036 (S.D. Ohio 2001) .....................................................................................11

*Johnson v. Midwest Logistics Sys.*,
2013 U.S. Dist. LEXIS 74201 (S.D. Ohio 2013).........................................................................2

*Kopaleishvili v Uzbek Logistics Inc.*,
2019 U.S. Dist. LEXIS 209529 (S.D. Ohio Dec. 4, 2019) .....................................................3, 11

*Kritzer v. Safelite Solutions, LLC*,
2012 U.S. Dist. LEXIS 74994 (S.D. Ohio 2012).........................................................................8

*Lowther v. AK Steel Corp.,*
2012 WL 6676131, 2012 US Dist. LEXIS 181476 (S.D. Ohio 2012) ....................................7, 11

*Ramey v Cincinnati Enquirer, Inc.*,
508 F.2d 1188 (6th Cir 1974) ..................................................................................................8, 9

*Smillie v. Park Chem. Co.,*
710 F. 2d 271 (6th Cir. 1983) .....................................................................................................11

*Spann v. AOL Time Warner, Inc.,*
2005 U.S. Dist. LEXIS 10968 (S.D.N.Y. 2005) ........................................................................12

*Swigart v. Fifth Third Bank*,
2014 U.S. Dist. LEXIS 94450 (S.D. Ohio 2014)................................................................. passim

*UAW v GMC*,
497 F.3d 615 (6th Cir. 2007) ........................................................................................................3

## STATUTES

Fed. R. Civ. P. Rule 23(e)(2) ...................................................................................................1

Fed. R. Civ. P. Rule 23(h)........................................................................................................7

Fed. R. Civ. P. Rule 54(d)(2) ...................................................................................................7

**INTRODUCTION**

Plaintiffs submit this Memorandum of Law in Support of Final Approval of a Class Action Settlement and for Approval of Attorneys' Fees, Costs, and Service Award to the Named Plaintiff.

This Settlement comes as a result of several years of intense litigation. Class representative, Raul Kopaleishvili, commenced this action for himself and on behalf of those similarly situated ("Plaintiffs") setting forth a single breach of contract claim against Defendants Uzbek Logistics, Inc. and Uzbek Transport Express, LLC ("Defendants"). Plaintiffs are truck drivers and allege that they entered into contracts with Defendants whereby Defendants promised to pay them on a "per mile" basis. Plaintiffs allege that Defendants breached their contracts by failing to pay Plaintiffs for actual odometer miles driven from origin to destination.

By Order dated December 4, 2019, the Court certified a class of:

> All drivers who entered into written contracts with Uzbek Logistics, Inc. and/or Uzbek Transport Express, LLC since April 2009 requiring payment on a "per mile" basis. The class does not include those drivers whose contracts expressly state compensation will be paid "based on practical miles."

Here, the Settlement Agreement is the product of negotiations conducted on both sides by experienced counsel who were thoroughly familiar with the factual and legal issues. During the course of discovery Plaintiffs undertook extensive discovery and intense analysis of Plaintiffs' claims. The parties ultimately reached an agreement during a settlement conference with the Court.

On November 10, 2021, the Court granted the unopposed motion for preliminary approval of the class action settlement. In the Preliminary Approval Order, the Court concluded that "it is appropriate to direct notice in a reasonable manner to all Class Members who would be bound by the proposal because the parties' showing establishes that the Court will likely be able to approve the proposal under Rule 23(e)(2)." Specifically the Court found that "[t]he Agreement: (a) results

1

from efforts by the Representative and Class Counsel who adequately represented the class; (b) includes an amount of Settlement Consideration that was negotiated at arm's length during mediation with Judge Timothy S. Black; and (c) provides $100,000 gross settlement amount to the Class, which is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing settlement funds to the Class; and (iii) the terms of the proposed award of attorney's fees and costs, and service award to the Class Representative."

A copy of the Notice issued to the Class is annexed to the Declaration of LaDonna M. Lusher ("Lusher Dec.") as **Exhibit 1**. On December 10, 2021, in accordance with the Court's Preliminary Approval Order, Class Counsel sent the Court-approved Notices by First-Class Mail to the 49 Class Members. Initially, sixteen (16) notices were returned as undeliverable. Lusher Dec. ¶ 9. If a Class Member's Notice was returned as undeliverable and without a forwarding address, Class Counsel undertook diligent efforts to locate current contact information for such Class Member for purposes of resending the Notices. *Id*. As a result, new addresses were located for fourteen (14) Class Members. *Id*. After various attempts to locate each Class Member seven Notices sent to seven (7) Class Members were returned as undeliverable.[1] *Id*. Notably, no Class Members objected or opted-out of the settlement. *Id*. at 10. With such overwhelming support, and for the reasons stated below, the Court should grant final approval.

I.  **THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE.**

Before a district court approves a settlement, the Court must find that the settlement is "fair, reasonable, and adequate." *Johnson v. Midwest Logistics Sys.*, 2013 US Dist LEXIS 74201, at *9 (SD Ohio 2013) (citation omitted). In the Sixth Circuit, district courts consider seven factors in determining whether a class settlement is fair, reasonable, and adequate: (1) the risk of fraud or

---

[1] Since Class Members are not required to opt-in or file a claim form, the recovery allocated to these seven (7) class members will be transferred into the settlement fund. Class Counsel will continue to engage in efforts to locate these Class Members. In the event that any of these Class Members are not located prior to the deadline set forth in the Settlement Agreement for all Class Members to cash their respective Settlement Checks, any unclaimed Settlement Checks will revert to Defendants in accordance with the terms of the Settlement Agreement.

collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v GMC*, 497 F3d 615, 630 (6th Cir 2007). As set forth below, each of these factors weighs in favor of approving the parties' settlement.

1. **The Risk of Fraud or Collusion**

It is beyond dispute that the settlement was the result of arm's-length negotiations, free of collusions or fraud, conducted by experienced counsel for all parties, and achieved through a formal mediation with Judge Timothy S. Black. *See Swigart v. Fifth Third Bank*, 2014 US Dist LEXIS 94450, at *6-7 (SD Ohio 2014). Indeed, this action was vigorously litigated. Significant discovery was taken and a contested class certification motion was filed and ruled upon. The Settlement was a product of extensive negotiations between experienced counsel. Moreover, any possibility of fraud or collusion is belied by the fact that the Settlement was facilitated during a mediation with the Court. Accordingly, this factor weighs heavily in favor of approval.

2. **The Complexity, Expense and Likely Duration of the Litigation**

To litigate this matter to trial would be exceedingly complex and expensive. In this breach of contract action, the class dates back to 2009 and Defendants did not possess the contracts for many of the Class Members, adding complexity to Plaintiffs' burden of demonstrating that Defendants agreed to pay Plaintiffs per odometer miles and not practical miles. Throughout this litigation, Defendants have argued that the term "per mile" in Class Members' contracts was ambiguous and would require evidence extrinsic to the contract to establish liability. In the Court's decision in support of class certification, the Court agreed that the "phrase 'per mile' will likely be found susceptible to multiple, reasonable interpretations, necessitating the consideration of extrinsic evidence." *Kopaleishvili v. Uzbek Logistics Inc.*, 2019 US Dist LEXIS 209529, at *23

(SD Ohio 2019). Defendants asserted that custom and practice in the motor carrier industry must be considered when interpreting the term "per mile," an argument that may require both parties to retain expert witnesses. Finally, to assess damages, Plaintiffs intended to rely on GPS records to demonstrate the difference between the number of miles each Plaintiff drove and the number of miles each Plaintiff was paid. Class Counsel subpoenaed the GPS vendor during pre-class certification discovery and received approximately three years of GPS records for two of Defendants' trucks. Lusher Dec. ¶ 17. Analyzing and digesting these GPS records was very time consuming. *Id*. Moreover, the GPS vendor informed Class Counsel that retrieving records dating back before 2016 was possible but would be extraordinarily expensive because these records are beyond the retention period and no longer easily accessible. *Id*.

Accordingly, absent settlement, this action would have required a significant amount of discovery over highly disputed issues and anticipated motion practice, including motions to compel discovery and for summary judgment, which would not only increase the costs of this litigation but delay its end substantially. Rather than continue further down this path, the Settlement provides an immediate monetary benefit upon Class Members. This factor, thus, weighs heavily in favor of approval.

### 3. The Amount of Discovery Engaged in by the Parties

Since filing this action, Class Counsel has extensively investigated the claims and defenses at issue in this case through interviewing Named Plaintiff and other putative class members. Lusher Dec. ¶ 13. In addition to procuring discovery from Defendants, Class Counsel procured discovery from Defendants' GPS vendor and United States Department of Transportation. Class Counsel reviewed thousands of lines of electronic data relevant to the merits of Plaintiffs' claims and damages, thoroughly evaluating the routes of more than thirty (30) of Defendants' drivers, analyzing more than 2,400 routes amounting to nearly 710,000 miles reported by Defendants. *Id*.

Class Counsel deposed two of Defendants' corporate representatives along with defending the depositions of the Named Plaintiff and two putative class members. The motion for class certification was thoroughly briefed and the parties were both well prepared for the mediation where a settlement was achieved. Accordingly, the parties are well informed of the facts, evidence, and legal issues present in this case.

### 4. The Likelihood of Success on the Merits

Based upon the discovery and their extensive experience, Class Counsel assessed the risks of establishing liability and damages versus the benefits provided in the proposed Settlement. While Plaintiffs believe their claims would ultimately be meritorious, Defendants nevertheless had a number of potentially formidable defenses. For example, as set forth above, Defendants argued that the term "per mile" did not mean actual miles, but practical miles. Should Defendants prevail on this claim alone, many, if not all, Plaintiffs would not have been entitled to any recovery at all.

Though Plaintiffs believe their claims have substantial merit, the Defendants are represented by experienced and competent counsel, who would no doubt continue to mount a zealous and thorough defense to these claims. Under the Settlement, by contrast, Plaintiffs will receive recovery regardless of the potential merit of these defenses. Due to the existence of such uncertainty, the negotiated Settlement is the best way to resolve this matter for the class.

### 5. The Opinions of Class Counsel

Class Counsel believes that, given the strengths and weaknesses of the claims, this settlement is fair, adequate, and reasonable. Lusher Dec., ¶ 11. Accordingly, Plaintiff's counsel supports approval of this settlement.

### 6. The Reaction of Absent Class Members

The deadline to submit an objection or opt-out was February 8, 2022. As of the filing of

5

this motion, there are currently no Class Members who have objected or opted-out of the settlement. *Dillow v. Home Care Network, Inc.*, 2018 US Dist LEXIS 170579, at *9 (SD Ohio 2018) (finding "[t]he class's reaction strongly supports approval" where there were no objectors or opt-outs). This factor weighs heavily in favor of approval.

### 7. The Public Interest

Strong judicial policy favors resolution of litigation short of trial, particularly in class action suits. *See e.g., Franks v. Kroger Co*., 649 F.2d 1216, 1224 (6th Cir. 1981) (the law generally favors and encourages the settlement of class actions); s*ee also, Hainey v. Parrott*, 617 F Supp 2d 668, 678 (S.D. Ohio 2007). Indeed, settlement of complex cases contribute greatly to the efficient utilization of scarce judicial resources and achieve the speedy resolution of justice, for "[a] just result is often no more than an arbitrary point between competing notions of reasonableness." *In re Corrugated Container Anti-Trust Litig*. II, 659 F.2d 1322, 1325 (5th Cir. 1981). Here, the Settlement provides an immediate benefit to Class Members, avoids further litigation of a complex class action, and frees the Court's judicial resources. Accordingly, this factor weighs in favor of approving the proposed Settlement because the public interest is served by resolution of this action.

## II. THE NOTICE OF SETTLEMENT MEETS DUE PROCESS AND RULE 23 REQUIREMENTS

In accordance with the Settlement, and pursuant to the Court's Preliminary Approval Order, Class Counsel oversaw the administration of the Notice. The Notice was mailed in accordance with the deadlines in the Preliminary Approval Order. Class Counsel searched for updated addresses for any Notices that were returned as undeliverable. To date, Class Counsel has only been unable to locate seven (7) Class Members. Since the Settlement does not require Class Members to opt-in to the Settlement to receive their allocated share of the recovery, these Class Members are still entitled to their portion of the Settlement. Class Counsel will continue

their efforts to locate these individuals.

In addition, the content of the notice was adequate, comprehensive and timely, and afforded Class Members the information necessary to make a timely, informed, and intelligent decision whether to object to the Settlement. Accordingly, Plaintiffs request the Court find that the notice and the methods used to provide notice to the Class satisfy the requirements of the Federal Rules of Civil Procedure and due process.

### III.    REQUEST FOR APPROVAL OF CLASS COUNSEL'S ATTORNEYS' FEES

The Class has been represented by Virginia & Ambinder LLP and the Croskery Law Offices ("Class Counsel"), who submit this application in support of their Motion, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, for an award of attorneys' fees and costs incurred in prosecuting this class action in the amount of $46,250.00.

District courts may award reasonable attorneys' fees and expenses from the settlement of a class action upon motion under Fed. R. Civ. P. 54(d)(2) and 23(h). *Swigart v. Fifth Third Bank*, 2014 US Dist LEXIS 94450, at *14 (SD Ohio 2014) (citing *Lowther v. AK Steel Corp.*, 2012 US Dist LEXIS 181476, at *5 (SD Ohio 2012)). "In the Sixth Circuit, district courts have the discretion 'to determine the appropriate method for calculating attorneys' fees in light of the unique characteristics of class actions in general, and the particular circumstances of the actual cases pending before the Court' using either the percentage or lodestar approach." *Swigart*, 2014 US Dist LEXIS 94450, at *15 (quoting *In re Cardinal Health Inc. Sec. Litigs.*, 528 F Supp 2d 752, 761 (SD Ohio 2007)). "In this district, 'the preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier.'" *Id* (quoting *Connectivity Sys. Inc. v. Nat'l City Bank*, 2011 U.S. Dist. LEXIS 7829, at *13 (S.D. Ohio 2011)). "Common fund case awards in class actions customarily are expressed in terms of a percentage of the benefit created; typically the percentages range from 20%-50%." *Brotherton v Cleveland*,

7

141 F.Supp 2d 907, 910 (SD Ohio 2001) (citing *In re Cincinnati Gas & Elec. Co. Sec. Litig.*, 643 F Supp 148, 149-150 (SD Ohio 1986)); *Kritzer v. Safelite Solutions, LLC*, 2012 US Dist LEXIS 74994, at *27 (SD Ohio 2012) (awarding attorneys' fees and costs equal to nearly 52% of the total recovery from Defendants).

In reviewing the reasonableness of the requested award, the Sixth Circuit requires district courts to consider six factors, known as the Ramey factors: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis [the lodestar cross-check]; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey v Cincinnati Enquirer, Inc.*, 508 F2d 1188, 1194-1197 (6th Cir 1974). As set forth below, each of these factors weighs in favor of approving the requested amount in attorneys' fees.

1. **The Value of the Benefits Rendered to the Class**

The work performed by Class Counsel resulted in a settlement of $100,000.00. While Plaintiffs believe that they would have prevailed on their claims against Defendants, there were risks that the Class could recover nothing. The Settlement eliminates these risks. Instead of facing additional costly litigation and the time, expense, and delays involved in a trial and appeals, Class Members who suffered losses will recover damages in the Settlement.

2. **Public Policy Considerations**

An important factor under *Ramey* is "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others." 508 F.2d at 1196. The courts consistently recognize that common fund fee awards serve the important purpose of encouraging individuals to seek legal assistance to recover for their injuries, which have also been similarly suffered by large groups of people. *See Deposit Guarantee National Bank v. Roper,* 445 U.S. 326, 328 (1980) (The

8

financial inducements offered by the class action procedure have played an important role "in vindicating the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost."). Adequate compensation is necessary to encourage attorneys to assume the risk of litigation in the public interest. *Dolgow v.Anderson,* 43 F.R.D. 472, 487, 494 (E.D.N.Y. 1968) ("Every successful suit duly rewarded encourages other suits to redress misconduct and by the same token discourages misconduct which would occasion suit").

In addition, "[s]ociety's stake in rewarding attorneys who bring class action wage and hour cases favors the requested award." *Swigart*, 2014 US Dist LEXIS 94450, at *16. Although the instant action is not a statutory wage action, it is nevertheless a claim for compensation allegedly owed to Plaintiffs for labor furnished for the benefit of Defendants. Accordingly, this factor weighs in favor of approval.

### 3. The Services were Undertaken on a Contingent Fee Basis

Courts have long emphasized risk as a crucial factor in determining upward adjustments. *See, e.g., Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 770 (7th Cir. 1982). As stated in *City of Detroit v. Grinnell,* 495 F.2d 448,471 (2d Cir. 1974): "[P]erhaps the foremost of these factors [justifying a multiplier] is...the fact that, despite the most vigorous and competent efforts, success is never guaranteed." *Accord Ramey,* 508 F. 2d at 1197.

Despite the very real possibility that Plaintiffs would obtain no recovery and that Counsel would not be compensated, Counsel spent in excess of 1,400 hours of labor and $5,000 in litigation expenses. When Plaintiffs' Counsel undertook this case, it was with the expectation that they would devote thousands of hours of hard work and advance sums in expenses. Class Counsel devoted the time and expenses necessary to properly and effectively litigate this class action, including traveling to Ohio to depose Defendants' corporate representatives, in addition to traveling to two

different cities in Texas to defend the depositions of two putative class members. Lusher Dec., ¶ 22. Furthermore, Class Counsel understands that its duties and obligations do not end upon the Court's final approval of the Settlement. Class Counsel must still coordinate and administer the settlement payments along with communicate with Class Members regarding any questions they may have or issues that arise. Lusher Dec., ¶ 23.

To date, Class Counsel has not received any compensation for their considerable efforts since the commencement of this action in 2017. Lusher Dec., ¶ 26. At no time did Plaintiffs' Counsel indicate that they were not willing to take this case to trial. Accordingly, this factor weighs heavily in favor of approving the requested fees and costs.

### 4. The Lodestar Cross-Check

In this action, both Virginia & Ambinder, LLP and Croskery Law Offices were appointed class counsel by the Court. Class Counsel have collectively billed 1,404.87 hours to this action for a combined lodestar of approximately $299,218.99. *See* Lusher Dec., ¶ 20. Class Counsel's lodestar multiplier of 0.15 is far below multipliers that have been approved in other class actions in this Circuit. *Swigart*, 2014 US Dist LEXIS 94450, at *18 (approving 2.57 multiplier).

### 5. The Complexity of the Litigation

Plaintiffs' breach of contract class action is highly complex. As a preliminary matter, any class action sounding in breach of contract is inherently complex given the potential for individualized issues relating to contract interpretation. Even more so in this action, where Plaintiffs are long-haul truck drivers and did not all reside in the same state, Class Counsel was faced with the added complexity of resolving whether the applicable common law regarding contract interpretation was that of one state or many. Furthermore, establishing damages in this action would have required a detailed analysis of additional extensive and costly discovery.

Resolving the procedural issues, the merits, and damages would have been risky, costly and time consuming. Accordingly, the litigation is difficult and complex, and this factor weighs in favor of awarding the requested fees.

### 6. The Professional Skill and Standing of Counsel on Both Sides

The skill and efficiency of attorneys is evidenced by their local reputations as well as their experience and expertise in the area. *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991). In assessing the skill of Class Counsel, it is also important to assess the quality of defense counsel as well, to determine the quality of service Class Counsel rendered. See *Lowther*, 2012 WL 6676131, at *3 (citing *Smillie v. Park Chem. Co.*, 710 F. 2d 271, 275 (6th Cir. 1983)).

As discussed in the Declaration of LaDonna Lusher, and as already recognized by the Court in the Class Certification Order and Preliminary Approval Order, Class Counsel are highly qualified, experienced and have substantial credentials representing Plaintiffs in class action litigation. *See Kopaleishvili v. Uzbek Logistics Inc.*, 2019 US Dist LEXIS 209529, *41 (S.D.Ohio 2019) (finding counsel qualified and experienced in the work of class action litigation; *see also* Lusher Dec., ¶¶ 26-27. The law firm representing Defendants, Scopelitis Garvin Light Hanson & Feary, has defended hundreds of class and collective actions against motor carriers. Defendants' lead counsel, Angela Cash, has defended motor carriers in class and collective actions in federal and state courts across the United States. Lusher Dec., ¶ 29.

Accordingly, the professional skill and standing of counsel on both sides is substantial and this factor supports approval of the requested fee award.

### IV. REIMBURSEMENT OF LITIGATION COSTS

Class Counsel have unreimbursed expenses of $5,274.38. Lusher Dec., ¶ 21. Class Counsel entitled to be reimbursed for these expenses in a common fund case. *In re Telectronics,* 137 F.

11

Supp. 2d at 1036 (S.D. Ohio) ("Counsel contributed to the creation of the Settlement Fund, and accordingly, are entitled to receive a reimbursement of their out-of-pocket expenses in the [requested] amount"); *Enter. Energy Group,* 137 F.R.D. at 250 (S.D. Ohio 2001) (holding that Plaintiffs' counsel was entitled to the full recovery of their expenses from the common fund); *Swigart*, 2014 US Dist LEXIS 94450, at *19 (approving reimbursement of litigation costs).

These expenses include court filing fees, transcript fees, postage, travel, and lodging. Class Counsel submits that these expenses were reasonably and necessarily incurred to achieve the result obtained for the Class. In addition, even if the Court were to find that some or all of these expenses should not be approved, Class Counsel respectfully submits that the requested amount of $46,250.00 is reasonable even if fully attributable to attorney's fees without any consideration for costs.

**V.     THE PROPOSED CLASS REPRESENTATIVE AWARD IS REASONABLE**

Plaintiffs request that the Court approve a service award to the Named Plaintiff totaling $7,500.00. It is common for courts, exercising their discretion, to award special compensation to class representatives in recognition of the time and effort they have invested for the benefit of the class, which usually includes providing information to counsel, reviewing and approving pleadings, assisting with discovery, preparing for and/or attending a deposition, and participating in settlement discussions. These awards to class representatives generally are paid from the common fund. *See, Hadix v. Johnson*, 322 F.3d 895, 897-898 (6th Cir. 2003). Such awards have been approved in numerous cases and are appropriate here. *See, e.g., Swigart*, 2014 US Dist LEXIS 94450, at *18 (approving "modest" award of $10,000 to each class representatives); *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998) (approving $25,000 class representative award); *Brotherton v. Cleveland*, 141 F. Supp. 2d 907 (S.D. Ohio 2001) (Spiegel, S.J.) (other history omitted) (awarding named plaintiff and class representative incentive fee of $50,000); *Spann v. AOL Time Warner,*

12

*Inc.,* 2005 U.S. Dist. LEXIS 10968, at *14 (S.D.N.Y. 2005) (awarding class representatives $10,000.00 each); *Godshall v. Franklin Mint Co.,* No. 01-6439, 2004 U.S. Dist. LEXIS 23976, at *25 (E.D. Pa. 2004) (awarding class representatives $20,000.00 each); *Presley v. Carter Hawley Hale Profit Sharing Plan*, No. 97-4316, 2000 WL 16437, at *2 (N.D. Cal. 2000) (awarding class representatives $25,000.00 each).

Here, Plaintiff dedicated a significant amount of time to this action, including, but not limited to, meeting with Class Counsel, reviewing pleadings, responding to discovery, attending a deposition, remaining in contact with Class Counsel, attending the mediation, and participating in the negotiation process. The requested service award in the amount of $7,500.00 is modest. Moreover, the service award was expressly identified in the Notice provided to the Class and not a single Class Member has objected to it. As such, the requested service award is reasonable and should be approved.

## VI. CONCLUSION

The settlement is the result of extensive negotiations by the parties and was ultimately facilitated during a mediation with Judge Timothy S. Black. The payment is fair, reasonable and adequate and favorably resolves Plaintiffs' claims. This is evidenced by the fact that not one of the Class Members has objected to the terms of this Settlement or opted-out. For these and the other foregoing reasons, Plaintiffs respectfully request this Court to approve the Settlement, award attorneys' fees and costs, and service award to the Named Plaintiff. A proposed Order and Final Judgment is attached hereto as Exhibit 2.

Respectfully submitted,

Dated: March 1, 2021

**Filed by Class Counsel
on behalf of all Parties**

_____/s/_____

**Class Counsel**: LaDonna M. Lusher, Esq., *Admitted pro hac vice*

13

VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
llusher@vandallp.com

Robert F. Croskery (0064802)
CROSKERY LAW OFFICES
3905 Eastern Avenue, Suite 200
Cincinnati, Ohio 45226
Tel: (212) 232-5297

**Counsel for Defendants**:  Angela S. Cash, *Admitted Pro Hac Vice*
SCOPELITIS GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Tel: (317) 637-1777

Brandon McGrath (0072057)
BINGHAM GREENEBAUM DOLL LLP
255 East Fifth Street, Suite 2350
Cincinnati, OH 45202
Tel: (513) 455-7641

## CERTIFICATE OF SERVICE

I hereby certify this 1st day of March, 2022, that copies of the foregoing were served via the CM/ECF system to all counsel of record.

                                              /s/Robert F. Croskery
                                                Robert F. Croskery, (0064802)